COOK v. SOUTHERN PINE LUMBER CO.

(Court of Civil Appeals of Texas. Galveston. June 20, 1912.)

1. APPEAL AND ERROR (§ 655*)—STATEMENT OF FACTS—MOTION TO STRIKE.

Where original deeds, field notes, etc., were attached to a statement of facts on appeal without appellee's consent, they, but not the statement of facts, should be stricken.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2823-2825; Dec. Dig. § 655.*]

2. PUBLIC LANDS (§ 172*)—PRE-EMPTION.

Neither one who failed to apply for a survey of pre-empted land and failed to return the field notes to the General Land Office within the time required by Rev. St. 1895, art. 4171, nor his grantees acquired any preference right to the land.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 523-543; Dec. Dig. § 172.*]

3. ADVERSE POSSESSION (§ 100*)—EXTENT OF POSSESSION.

Where one segregated 60 acres from a larger tract by a purchase thereof and abandoned actual occupancy of the remainder, on which he failed to pay taxes, his occupancy of the 60 acres cannot be construed to extend to the remainder, so as to give title by adverse possession.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 547-574; Dec. Dig. § 100.*]

Appeal from District Court, Trinity County; S. W. Dean, Judge.

Trespass to try title by William Alfred Cook against the Southern Pine Lumber Company. Judgment for defendant, and plaintiff appeals. Affirmed.

W. A. Cook, for appellant. Kenley & Minton, of Groveton, for appellee.

McMEANS, J. This is a suit of trespass to try title brought by the appellant, Wil-

liam Alfred Cook, against the appellee, Southern Pine Lumber Company, to recover the title and possession of a tract of land in Trinity county. In addition to the ordinary allegations in suits of trespass to try title, plaintiff pleaded the statutes of limitation of three, five, and ten years. The defendant answered by a general denial and a plea of not guilty. The case was tried before a jury, and, under instructions from the court, the jury returned a verdict for defendant, upon which a judgment in its favor was accordingly entered, and from this judgment the plaintiff has appealed.

The land in controversy is 100 acres, claimed by appellant to be part of a pre-emption survey of 160 acres, alleged to have been made for J. R. Cochran on the 18th day of February, 1876, which on said date, as appellant claims, was sold by said Cochran and wife, by a written instrument of conveyance, to R. A. Lewis, who, on the 24th day of April, 1876, had the land surveyed by a special deputy surveyor of Trinity county, and which survey was, on December 23, 1876, approved by the county surveyor of Trinity county; and that on November 1, 1876, the said Lewis, by written conveyance of that date, sold the 160 acres to W. L. Cook; and that said Cook, by deed dated September 26, 1910, sold 100 acres of the 160 acres to the appellant.

[1] We are met in limine by a motion, presented by appellee, to strike out the statement of facts accompanying the transcript, or, in the alternative, to strike from the record and not consider certain transfers, deeds, and other original instruments attached to and attempted to be made a part of the statement of facts. It appears that the statement of facts, as prepared by the stenographer, consisted of 14 typewritten pages, numbered in consecutive order, and in the agreement of counsel as to the correctness of the statement of facts it is stated "that the within and foregoing 14 pages contain a true and correct statement of facts, and all the facts," etc. Affixed to the statement of facts and constituting no part of the 14 pages, we find what purports to be the following original papers: Transfer from J. R. Cochran of 160 acres to R. A. Lewis, deed of R. A. Lewis, conveying the 160 acres to W. L. Cook, certified copy of the field notes of the survey of 160 acres made for R. A. Lewis, assignee of J. R. Cochran, and a deed from W. L. Cook and wife, conveying to appellant 100 acres of the 160-acre survey. In the body of the statement of facts, we find certain tax receipts. Attached to the motion to strike out is an affidavit made by R. O. Kenley, one of appellee's attorneys, who actively participated in the trial of the case, and who signed for his client the agreement as to the correctness of the statement of facts, that at the time the agreement was signed the original papers, above mentioned, were not attached to the statement of facts, and, had they then been so attached, he would not have signed the agreement. This statement is not controverted by appellant. In view of the foregoing, we think the statement of facts should not be stricken out; but we know of no rule that would make it permissible to bring before the appellate courts original papers, such as the ones mentioned, in the way it is attempted in this case, as an essential part of the statement of facts. We therefore conclude that appellee's motion to strike said original papers from the record should be sustained. With these papers withdrawn from our consideration, the record discloses the following facts:

In 1876 J. R. Cochran, a married man, settled upon a tract of vacant and unappropriated public land in Trinity county, intending to pre-empt it for a homestead, and on February 18, 1876, he had had a tract of 160 acres, including his improvements, surveyed. On the day the survey was made, Cochran transferred his claim thereto to R. A. Lewis, and on April 24, 1876, Lewis had the land surveyed by a special deputy county surveyor of Trinity county, and on December 23, 1876, the survey was approved by the county surveyor of said county. On November 1, 1876, Lewis sold and conveyed the land to W. L. Cook. The statement of facts contains no description of the survey; but we think it is sufficiently shown that the land surveyed is the same that was transferred by Cochran to Lewis, and by Lewis to W. L. Cook. However there is nothing in the record to identify the survey or the land which was conveyed as the land in controvery. There is no testimony in the record that either Cochran or Lewis presented an application, in writing, to the surveyor, at or before the time of making the surveys, containing the requisites prescribed by article 4162 of the Revised Statutes. Nor was it shown that the field notes of the survey were ever returned to and filed in the General Land Office; but it was admitted in the agreement of the parties, introduced in evidence, that the field notes were never filed in the General Land Office, "so far as the records of that office now show." No patent was ever issued by the General Land Office to Cochran or his assigns for the land described in plaintiff's petition. It was shown that Cochran was living upon and enjoying the 160 acres of land which was surveyed for him on February 18, 1876, and that from the date he sold his claim to Lewis the latter occupied the land until he sold to W. L. Cook, and that said Cook occupied and used the land, or a part thereof, for several years thereafter.

The International & Great Northern Railroad Company, on February 9, 1877, located a certificate upon 478 acres of land in Trinity county, embracing the land described in

plaintiff's petition, and secured a patent for the same on November 2, 1877, and the defendant claims the land through mesne conveyances from the original grantee. On July 14, 1882, W. L. Cook, appellant's vendor, purchased 60 acres of the land described in his petition from the New York & Texas Land Company, Limited, the vendee of the original grantee, upon which 60 acres all the improvements upon the land described in the petition were situated, and thereafter the balance of the 160 acres, which is the land in suit, was not adversely occupied by Cook; nor did he thereafter pay taxes thereon.

Appellant complains, by his first assignment of error, of the refusal of the court to instruct a verdict in his favor, and by his second assignment complains of the action of the court in instructing a verdict for defendant. We will not consider the assignments or the several propositions presented under each in detail.

[2] 1. The appellant's vendors having failed to make proper application to the county surveyor for a survey of the land, and having failed to make proper return of the field notes to the General Land Office within 12 months after the date of the application, as required by article 4171, Revised Statutes, neither he nor his vendees ever acquired a preference right to any land.

2. The deeds under which Lewis and W. L. Cook claimed having been stricken from the record, and nothing otherwise appearing in the statement of facts to show that the land described in plaintiff's petition is the same that is described in said deeds, the appellant has failed to show that he is entitled to prescribe under a deed or deeds duly registered; and therefore his plea of limitation of five years cannot avail him.

[3] 3. The undisputed evidence showing that in 1882, less than 10 years from the date of the survey made at the instance of Cochran, W. L. Cook purchased 60 acres of the 160 acres of land described in plaintiff's petition from the vendee of the original grantee, upon which all of his improvements were situated, he thereby segregated the tract purchased from the balance, which is the land in controversy, and, having thereafter abandoned the actual occupancy of the remainder and failed to pay taxes thereon, his occupancy and possession of the 60 acres did not extend by construction to the remainder of the 160-acre tract, and therefore plaintiff was not entitled to recover under his plea of limitation of 10 years.

We think that plaintiff failed to show any right of recovery, and that the court properly instructed a verdict for defendant. Other assignments presented by appellant have been duly considered and are thought to point out no reversible error, and they and the propositions thereunder are severally overruled.

We find no reversible error in the record, and the judgment of the court below is affirmed.

Affirmed.